# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2020

Lyle W. Cayce
Clerk

No. 19-60934

Joel Colby Stevens,

*Petitioner*,

*versus*

Administrator, Federal Aviation Administration,

*Respondent*.

Petition for Review of an Order of the
Federal Aviation Administration

Before Jones, Haynes, and Ho, *Circuit Judges*.

Per Curiam:*

Joel Colby Stevens appeals the decision of the Federal Aviation Administration's Federal Air Surgeon to withdraw Stevens's discretionary Authorization for a special issuance medical certification pursuant to 14 C.F.R. § 67.401(f).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60934

Stevens holds an FAA pilot certificate. Up until 2016, Stevens also possessed unrestricted airman medical certificates. In 2018, the FAA found Stevens ineligible for an unrestricted airman medical certificate due to a left acoustic neuroma. After treatment, Stevens applied for a discretionary Authorization for a special issuance medical certificate. In November 2018, the Federal Air Surgeon granted Stevens's request for an Authorization. That Authorization conditioned any future special issuance medical certificate on Stevens having "no adverse changes in [his] medical condition" and that he remained "otherwise qualified." Stevens received a renewal of his medical certificate in July 2019.

In September 2019, Stevens applied for a job at Bristow U.S., L.L.C. as a commercial helicopter pilot. Bristow was required to have a drug testing program under 14 C.F.R. part 120. Accordingly, when Stevens received a job offer from Bristow, the offer was conditional on a negative pre-employment drug test. 14 C.F.R. § 120.109(a)(1).

On October 3, 2019, Stevens went to North Oaks Occupational Health ("the clinic") in Hammond, Louisiana to complete his pre-employment drug test. On Stevens's first attempt, he provided an insufficient urine specimen. At that point, the collector initiated "shy bladder procedures" under 49 C.F.R. § 40.193. Stevens was given forty ounces of water to drink and told that he could not leave the clinic or it would be considered a refusal to test. About one hour later, Stevens attempted to provide a second urine sample, but was still unable to provide a sufficient specimen. Stevens left the clinic without completing the drug test because he had another appointment to go to. After leaving the clinic, Stevens left a message with Diana Teague, Bristow's Designated Employer Representative, stating that he was unable to complete the test and left after 1.5 hours. The clinic also informed Teague that Stevens refused to complete his test.

2

No. 19-60934

Three days later, Teague notified the FAA Office of Aerospace Medicine, Drug Abatement Division that Stevens had refused to test. *See* 14 C.F.R. § 120.111(d). The FAA investigated and produced an Enforcement Investigative Report ("EIR"). The FAA investigator sent a Letter of Investigation ("LOI") to Stevens on October 10, 2019. The LOI stated that the FAA was investigating Stevens's alleged refusal to submit to a pre-employment drug test. The LOI also informed Stevens that he could contact the investigator or submit a written statement or any other evidence within 10 days. Stevens received the letter but did not provide any information or contact the investigator.

The Drug Abatement Division sent its report to the Medical Specialties Division of the Office of Aerospace Medicine, which sent it to the Federal Air Surgeon. On November 25, 2019, the Federal Air Surgeon withdrew Stevens's Authorization. 14 C.F.R. § 67.401(a), (f), (i). The letter informed Stevens that the FAA was notified of a refusal to submit to a pre-employment drug test, and that it had determined he had violated 14 C.F.R. § 67.107(b)(1) and (2), § 67.207(b)(1) and (2), and § 67.307(b)(1) and (2). These regulations state that a refusal to test is a violation of the standards required to hold an airman medical certificate.

Accordingly, the FAA concluded Stevens violated the provisions of his Authorization for a special issuance medical certificate. Stevens responded through his lawyer on December 4, 2019. Stevens did not formally request review of the decision to withdraw or provide additional information but did indicate that he believed the FAA's determination was erroneous. 14 C.F.R. § 67.401(I). Twenty-two days later, and before the FAA responded to his letter, Stevens filed suit in this court.

Stevens makes four arguments on appeal. First, Stevens argues that the FAA's final decision fails to articulate a satisfactory explanation for its

action and fails to provide any rational connection between the facts found and the choice made. Consequently, he asserts that the FAA's withdrawal of his Authorization of a special issuance medical certificate under 14 C.F.R. § 67.401(f) was arbitrary and capricious under section 706(2)(A) of the Administrative Procedures Act ("APA"). 5 U.S.C. § 706(2)(A).

Second, Stevens argues that, because he did not receive adequate notice and opportunity to be heard, the FAA violated his procedural due process rights under the Fifth Amendment.

Third, Stevens asserts that the FAA's decision violates 5 U.S.C. § 558(c), which provides that "[e]xcept cases . . . in which public health, interest, or safety requires otherwise, the withdrawal, suspension, revocation, or annulment of a license is lawful only if" the licensee gets (1) notice in writing of the facts or conduct which may warrant the action and (2) opportunity to demonstrate compliance.

Fourth, Stevens argues that the FAA's decision violated the Pilot's Bill of Rights because the FAA did not provide him with "an appropriate and fair evaluation" of his medical qualifications.

After reviewing the briefs and the administrative record, we conclude that the FAA's factual findings were supported by substantial evidence[1] and

---

[1] When reviewing an order of the FAA, the courts of appeals will apply the standard of review articulated in the Federal Aviation Act. 49 U.S.C. § 46110(c). When reviewing the FAA's decision regarding an Authorization for a special issuance medical certificate, we will deem the FAA's factual findings "conclusive" if supported by "substantial evidence." 49 U.S.C. § 46110(c). Substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262, 273 (5th Cir. 2004).

No. 19-60934

its decision was not arbitrary and capricious.[2] Nor did the FAA's decision violate Stevens's procedural due process rights under the Fifth Amendment. Considering the totality of the facts here, Stevens was afforded sufficient procedural due process in light of the notice provided during the investigation and opportunity for him to respond. Furthermore, § 558(c) of the APA is inapplicable because the Authorization at issue involves a safety interest. Finally, we find that the FAA's decision did not violate the Pilot's Bill of Rights. Accordingly, we deny Stevens's petition for review.

\* \* \*

Petition denied.

---

[2] Under the Administrative Procedures Act, a decision of the FAA must be set aside or reversed only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *City of Abilene v. United States E.P.A.*, 325 F.3d 657 (5th Cir. 2003).